UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CAVALIER KNIGHT,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK, and KEECHANT L.
SEWELL, in her official capacity as Commissioner
of the New York City Police Department and the
statutory handgun licensing officer for the City,

                          Defendants.

-------------------------------------------------------------------X

22-CV-3215 (VEC) (VF)

**REPORT &
RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

**TO THE HONORABLE VALERIE E. CAPRONI, United States District Judge.**

On April 19, 2022, *pro se* Plaintiff Cavalier D. Knight commenced this action against the City of New York (the "City") and Keechant Sewell, in her official capacity as Commissioner of the New York City Police Department ("NYPD") and the statutory handgun licensing officer for the City (collectively, "Defendants"). See ECF Nos. 1 ("Compl."), 17 ("Am. Compl.") (filed May 20, 2022). Knight's amended complaint asserts 10 causes of action, generally challenging Defendants' denial of his application for a "Carry Business" handgun license[1] and the City's regulations governing the licensing of gun dealers. See Am. Compl. ¶¶ 198-228. Pending before the Court is Defendants' motion to dismiss the amended complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See ECF Nos. 29-30. For the

---

[1] A Carry Business license is "an unrestricted class of license which permits the carrying of a handgun concealed on the person." N.Y.C. R. & Regs. tit. 38, § 5-01(b). The Commissioner of the NYPD is authorized to issue licenses for the keeping and carrying of firearms in the City of New York. See N.Y.C. Admin. Code § 10-131(a).

1

reasons set forth below, I respectfully recommend that Defendants' motion be granted but only as to Knight's claim challenging the denial of a Carry Business handgun license.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 16, 2017, Knight applied for a Carry Business handgun license. Am. Compl. ¶ 120; see also Decl. of Thomas J. Rizzuti ("Rizzuti Decl."), dated Aug. 25, 2022, Ex. A (Handgun License Application), ECF No. 31. By letter dated November 19, 2017, Defendants requested additional documentation from Knight, including a "Letter of Necessity" demonstrating that he possessed "proper cause" to have a license. Am Compl. ¶ 121; Rizzuti Decl. Ex. C (Nov. 19, 2017 Ltr. to Knight). After providing additional materials, Knight's application for a Carry Business license was denied by the NYPD's License Division, in a Notice of Disapproval dated December 13, 2017, based on a failure to show "proper cause." Am. Compl. ¶ 120; Rizzuti Decl. Ex. F (Notice of Disapproval).

Knight submitted an administrative appeal of this determination. Am. Compl. ¶ 129; Rizzuti Decl. Ex. G (Knight's Appeal). The appeal was denied in October 2019, and Knight subsequently commenced an Article 78 proceeding in state court, seeking to vacate the administrative denial of his application for a Carry Business license. Am. Compl. ¶¶ 129-30, 132; Rizzuti Decl. Ex. H (Notice of Disapproval After Appeal). On October 29, 2020, the state court denied and dismissed Knight's Article 78 petition. Am. Compl. ¶ 180; see also Matter of Knight v. City of New York, No. 151725/2020, 2020 WL 6363693, 2020 N.Y. Slip Op.

---

[2] For purposes of considering Defendants' motion to dismiss under Rule 12(b)(1), I have accepted as true all factual allegations in Knight's complaint. As permitted in addressing a motion under Rule 12(b)(1), I have considered such external evidence as is necessary to decide the motion. See Robinson v. Government of Malaysia, 269 F.3d 133, 140 n.6 (2d Cir. 2001); J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (explaining that a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits").

33578(U) (N.Y. Sup. Ct. Oct. 29, 2020). Knight appealed the decision. On December 7, 2021, the Appellate Division, First Department affirmed the dismissal of the Article 78 petition. See Matter of Knight v. City of New York, 200 A.D.3d 459 (1st Dep't 2021). Knight subsequently moved for leave to appeal to the New York Court of Appeals, which denied the application. See Matter of Knight v. City of New York, 38 N.Y.3d 942 (2022).

On April 19, 2022, Knight commenced this action, challenging the denial of a Carry Business license and the City's gun-dealer licensing scheme. See, e.g., ECF No. 1 at ¶¶ 2, 79-83, 136. He filed an amended complaint on May 20, 2022. See ECF No. 17. Knight asserts a variety of causes of action including a claim that his Second Amendment rights were violated by the denial of a Carry Business license. See Am. Compl. ¶¶ 201-203.

On June 23, 2022, the United States Supreme Court issued its decision in New York State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022), which held that New York's "proper cause" requirement for issuance of a handgun carry license violated the federal constitution. Id. at 2122, 2156. Relying on the Supreme Court's decision in Bruen, on July 8, 2022, Knight filed a motion for summary judgment, arguing that the City's ability to "discretionarily deny" a Carry Business license was unconstitutional. See ECF No. 27 at 5. On August 17, 2022, the NYPD informed Knight that: (1) it had vacated its October 2019 determination denying him a Carry Business license, and (2) instructing Knight that he could have his application for a Carry Business license reviewed anew, without an assessment of whether he had shown "proper cause" for a license. Rizzuti Decl. Ex J (Aug. 17, 2022 Ltr. to Knight); Pl.'s Mot. in Opp. to Mot. to Dismiss ¶¶ 81-83, ECF No. 32.

On August 25, 2022, Defendants filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacked subject-matter

jurisdiction to adjudicate all of Knight's claims. See Defs. Mem. of Law in Support of Mot. to Dismiss at 8-11, ECF No. 30. Defendants raise two arguments in support of their motion. First, Defendants contend that Knight's challenge to the denial of a Carry Business license is moot because the NYPD vacated the determination and offered to review the application anew consistent with Bruen. Id. Second, Defendants argue that Knight lacks standing to challenge the City's gun-dealer licensing scheme because he never applied for a City-issued gun-dealer license and thus has not suffered an injury in fact. Id. at 11-14. On September 1, 2022, Knight opposed the motion to dismiss. ECF No. 32.

Construing Knight's amended complaint liberally given his *pro se* status, the amended complaint appears to be raising, in addition to other claims, a facial challenge to the constitutionality of the City's gun-dealer licensing scheme. See, e.g., Am. Compl. ¶¶ 15, 28, 40-41, 79, 95, 110, 175. In an October 7, 2022 Order, the Court asked Defendants to address whether the Court was required to dismiss Knight's facial challenge to the licensing scheme. See ECF No. 37. Defendants responded in a letter dated October 21, 2022, arguing that the Court did not have subject-matter jurisdiction to entertain a facial challenge to the gun-dealer rules and regulations because Knight lacked standing and the challenge was not ripe. See ECF No. 38. At a conference with the parties on November 17, 2022, the Court pointed Defendants to case law suggesting that Knight might have standing to challenge the City's gun-dealer licensing scheme, even without having applied for such a license, because he claims that submitting such an application would have been futile. See ECF No 48. Defendants subsequently filed a letter on December 7, 2022, notifying the Court that they were partially withdrawing their motion to dismiss, to the extent it sought to dismiss any facial challenge by Knight to the City's gun-dealer licensing scheme. See ECF No. 49.

## DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (citation and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotation marks omitted). "The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)) (internal quotation marks omitted).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), a court must "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of the complaining party." Silva v. Farrish, 47 F.4th 78, 87 (2d Cir. 2022) (quoting Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 109 (1979) (alteration in original)). However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). On a motion to dismiss under Rule 12(b)(1), "the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." Robinson, 269 F.3d at 140. Lastly, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue." Attica Cent. Schs., 386 F.3d at 110 (citation omitted); see also Sullivan v. Syracuse Housing Auth., 962 F.2d 1101, 1107 (2d Cir.

5

1992) ("Also to be considered in the standing analysis, along with the allegations made in the complaint, are such other facts and circumstances as may be evident from the record.").

"[W]hen the plaintiff proceeds *pro se*," as is the case here, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005) (citation omitted); see also Muntaqim v. Coombe, 366 F.3d 102, 105 n.3 (2d Cir. 2004) (stating that *pro se* pleadings should be read "liberally and interpret[ed] . . . to raise the strongest arguments that they suggest") (citation omitted). However, a "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).

### B. Knight's Challenge Based on the Denial of a Carry Business License

Article III of the Constitution grants federal courts the authority to adjudicate "cases" and "controversies." Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013). "That limitation requires those who invoke the power of a federal court to demonstrate standing—a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" Id. (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)). An "actual controversy" must exist not only "at the time the complaint is filed,'" but through "all stages" of the case. Alvarez v. Smith, 558 U.S. 87, 92 (2009) (citation omitted). As such, "'[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (alteration in original)).

A case becomes moot "when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." Knox v. Serv. Empls. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (citation and internal quotation marks omitted). Generally, a case is moot "if the dispute is no longer embedded in any actual controversy about the plaintiffs' legal rights." Already, LLC, 568 U.S. at 91 (quoting Alvarez, 558 U.S. at 93). A defendant, however, "cannot automatically moot a case simply by ending its unlawful conduct once sued." Id. (citation omitted). Instead, a defendant claiming that a case is moot "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Id. (quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)). Where a defendant voluntarily ceases to engage in the challenged conduct, the case will not be rendered moot unless the defendant can demonstrate that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Mhany Mgmt., Inc. v. County of Nassau, 819 F.3d 581, 603 (2d Cir. 2016) (citation omitted).

In his amended complaint, Knight challenges the denial by Defendants of a Carry Business license to carry a concealed handgun in New York City. As Knight acknowledges, however, Defendants have since rescinded their determination. See Pl.'s Mot. in Opp. to Mot. to Dismiss ¶ 81. Defendants have also informed Knight that, consistent with the Supreme Court's decision in Bruen, he can have his application reviewed anew without any assessment of "proper cause." Id. What's more, Plaintiff has accepted Defendants' offer to reopen his application and have it reviewed again. See id. ¶ 83.

Moreover, the Supreme Court invalidated the City's "proper cause" requirement in Bruen, and Defendants have stated that they will not review Knight's application for a Carry

7

Business license with a "proper cause" requirement. See Rizzuti Decl. Ex J; see also Mhany Mgmt., Inc., 819 F.3d at 604 (stating that where defendant "is a government entity, some deference must be accorded to a legislative body's representations that certain conduct has been discontinued") (citation and internal quotation marks omitted). Indeed, after Bruen, the City published two Emergency Rules which explicitly eliminate the "proper cause" requirement from its review of license applications. See Decl. of Thomas John Rizzuti, dated Oct. 6, 2022, Exs. K, L, ECF No. 36. Defendants are thus no longer applying a "proper cause" requirement in their review of applications for the type of license that Plaintiff seeks.

It is therefore absolutely clear that the "proper cause" requirement will not be used by Defendants to review Knight's license application, or the application of another applicant. For this reason, Knight's argument that Defendants' voluntary cessation of the unlawful conduct does not moot his claim is meritless. Because the City has revised its rules, there is no reasonable expectation that Knight's alleged injury—the denial of a Carry Business license because of a failure to meet the "proper use" requirement—will recur. See N.Y. State Rifle & Pistol Ass'n. v. City of New York, 140 S. Ct. 1525, 1526 (2020) (concluding that claim challenging New York City rule regarding the transport of firearms was moot where State amended its firearm licensing statute to allow for previously prohibited conduct); see also Pleasant View Baptist Church v. Beshear, 838 F. App'x 936, 938 (6th Cir. 2020) ("Once a law is off the books and replaced with a 'new rule' that does not injure the plaintiff, a case becomes moot."). And, because Defendants have vacated their prior denial of Knight's application and are reviewing that application anew, interim events have eliminated the effects of Defendants' prior unlawful conduct.

Finally, to the extent Plaintiff seeks an order from the Court directing Defendants to immediately issue a Carry Business license (see, e.g., Pl.'s Mot. in Opp. to Mot. to Dismiss

¶¶ 84-88), nothing in Bruen prevents the City from using a "shall-issue" licensing regime in which the City reviews license applications to ensure that those bearing arms in the City are "law-abiding, responsible citizens." Bruen, 142 S. Ct. at 2138 n.9. Stated otherwise, the City does not violate Knight's constitutional rights by using a licensing regime for the issuance of a handgun license—so long as there is no "proper cause" requirement—because Bruen did not invalidate the rest of New York's carry licensing regime. There thus is no basis upon which to order that Defendants immediately grant Knight's application for a Carry Business license.

In short, Knight's claim concerning the denial of a Carry Business license is moot. I thus recommend that the claim be dismissed for lack of subject-matter jurisdiction.

### C. Knight's Challenge to the Gun-Dealer Licensing Statute

In his amended complaint, Knight also challenges the gun-dealer licensing regime for licenses to operate as a gun dealer. See, e.g., Am. Compl. ¶¶ 31-32, 49-52, 78, 81-84, 86, 131, 134. Defendants argue that Knight lacks standing to assert such a challenge because he has not applied for a gun-dealer license. Defs.' Mem. of Law at 11-14. Relatedly, Defendants also contend that Knight's claim is not ripe because it is premised on an assumption that a future application for such a license will be denied. Id. at 14. As discussed, see supra p. 4, Defendants have withdrawn their motion to dismiss Knight's challenge to the gun-dealer licensing scheme. See ECF No. 49.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court grant Defendants' motion to dismiss Knight's claims challenging the denial of his application for a Carry Business handgun license. I further recommend that Knight be afforded an opportunity to file a Second Amended Complaint raising solely a challenge to the City's gun-dealer licensing scheme. The Clerk of Court is directed to terminate the motion at ECF No. 29.

**SO ORDERED.**

DATED:      New York, New York
            December 27, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge

**PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Valerie E. Caproni. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**