USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAVALIER D. KNIGHT,<br><br>                        Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK; CITY OF NEW YORK POLICE DEPARTMENT COMMISSIONER KEECHANT L. SEWELL,<br><br>                        Defendants. | 22-CV-3215 (VEC)<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 19, 2022, Plaintiff Cavalier D. Knight ("Knight") commenced this action against the City of New York (the "City") and the Commissioner of the New York City Police Department Keechant L. Sewell (collectively, "Defendants"), *see* Compl., Dkt. 1;

       WHEREAS on May 6, 2022, the Court referred this case to Magistrate Judge Figueredo for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order, Dkt. 10;

       WHEREAS on May 20, 2022, Knight filed a First Amended Complaint (the "FAC") challenging (i) Defendants' denial of his application for a "Carry Business" handgun license (the "License")[1] and (ii) the City's regulations governing the licensing of gun dealers as unconstitutional and in violation of federal and state laws, *see* FAC, Dkt. 17;

---

[1] A "Carry Business" license is "an unrestricted class of license which permits the carrying of a handgun concealed on the person." 38 R.C.N.Y. § 5-01(b).

1

WHEREAS on June 23, 2022, the U.S. Supreme Court held that New York City's requirement that applicants seeking a handgun carry license show "proper cause" was unconstitutional, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022);

WHEREAS on July 8, 2022, Plaintiff moved for summary judgment, *see* Pl. Summary Judgment Mot., Dkt. 27;

WHEREAS on August 17, 2022, the NYPD vacated its previous decision denying Plaintiff's application for a license and advised Plaintiff that he was entitled to have his License application reviewed without any assessment of "proper cause," *see* NYPD Letter, Dkt. 31-21; Pl. Mem., Dkt. 32, ¶¶ 81–83;

WHEREAS on August 25, 2022, Defendants moved to dismiss the FAC on the grounds that the Court lacked subject-matter jurisdiction over Knight's claims because (i) the NYPD had vacated the denial of his application for a license and (ii) Knight lacks standing to challenge the City's gun-dealer licensing scheme because he has never applied for such a license, *see* Def. Not. of Mot., Dkt. 29;

WHEREAS on December 7, 2022, following a conference at which Judge Figueredo asked Defendants to address case law suggesting that Knight may have standing to challenge the City's gun-dealer licensing scheme if applying for a license would be futile, Defendants withdrew the portion of their motion to dismiss that sought to dismiss Knight's facial challenge to the City's gun-dealer licensing scheme under 38 R.C.N.Y. § 4-03(t)(3), *see* Letter, Dkt. 49;

WHEREAS on December 27, 2022, Judge Figueredo entered a report and recommendation (the "R&R") recommending that Defendants' motion (to the extent it had not been withdrawn) be granted, and recommending that Knight be given an opportunity to file a

Second Amended Complaint solely raising a challenge to the City's gun-dealer licensing scheme, *see* R&R, Dkt. 51;

WHEREAS on December 28, 2022, Knight filed a letter in response to the R&R requesting leave to amend the FAC to also include a facial and as-applied challenge to N.Y.C. Admin. Code § 10-302.1(b), which limits purchases of guns by an individual to one every ninety days, *see* Letter, Dkt. 52;

WHEREAS on December 28, 2022, Judge Figueredo entered an amended R&R (the "Amended R&R") recommending that Defendants' motion (to the extent it had not been withdrawn) be granted, and recommending that Knight be given an opportunity to file a Second Amended Complaint raising a challenge both to the City's gun-dealer licensing scheme and to N.Y.C. Admin. Code § 10-302.1(b), *see* Amended R&R, Dkt. 54;

WHEREAS in the Amended R&R, Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the Amended R&R, *id.* at 10;

WHEREAS Judge Figueredo further notified the parties that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an Amended R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the Amended R&R, the Court may accept the Amended R&R provided that "there is no clear error on the face of the record[,]" *Heredia v.*

*Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's notes;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed[,]" *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the well-reasoned Amended R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the Amended R&R is adopted in full and Defendants' motion to dismiss is GRANTED to the extent it was not withdrawn.[2]

IT IS FURTHER ORDERED that not later than **Tuesday, February 7, 2023**, Knight may file a second amended complaint **solely** raising a challenge to the City's gun-dealer licensing scheme and a challenge to N.Y.C. Admin. Code § 10-302.1(b).

IT IS FURTHER ORDERED that because the Amended R&R gave the parties adequate warning, *see* Amended R&R at 10, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).

The Clerk of Court is respectfully directed to close the open motions at Dkts. 23, 27 and 29.

---

[2]  Because the arguments in Knight's purported motion for summary judgment were addressed in the parties' briefing of Defendants' motion to dismiss, and resolved in the Amended R&R, Knight's motion for summary judgment is DENIED without prejudice.

**SO ORDERED.**

Date:  January 24, 2023
       New York, New York

                                                     **VALERIE CAPRONI**
                                                     **United States District Judge**