UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAVALIER D. KNIGHT<br>Plaintiff,<br><br>- against -<br><br>NEW YORK CITY, *et al.*<br>Defendants. | **1:22-cv-03215 (VEC) (VF)**<br><br>**LETTER NO. 01 - (SAC)**<br><br>**DENIAL OF REQUEST FOR 60 DAY EXTENSION** |

Honorable VALERIE FIGUEREDO, United States Magistrate Judge:

**1.** On January 31, 2023, Defendants contacted Knight via email requesting a 60-day extension of time to file their response to Knights SAC. Although this SAC supersedes the FAC the state Carry License issue was removed and no new issues were added. The remaining issues discussed within the SAC were thoroughly reviewed by the Defendants within the FAC submitted on May 20, 2022, eight months ago and any prior research done during that time in this matter is currently available to the Defendants. The Defendants refused to submit an answer to the FAC and filed a motion to dismiss and then partially rescinded their motion to dismiss and now aver that they will file another motion to dismiss. **ECF # 62-22**.

**2.** Although Defendants have a right to review the SAC and submit a new reply this can be done within the time allocated to reply under Rule 15. Whereas the SAC resets this case the Defendant's request for 60+ days to review a case that has already been in litigation for eight months since May 20, 2022. Is only an attempt to circumvent the decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S., 142 S. Ct. 2111 (2022) and egregiously delay the final decision of this Court. **ECF # 62-27: No. 01**.

**3.** For the past seven months, Defendants have been aware that as per *Bruen* they have no 2nd Amendment analogues dating back to the ratification of the 2nd Amendment in 1791 to support any arguments they could present. And Defendants are also aware that their prohibition on the issuance of a state Firearms Dealer's License to Knight to conduct lawful business in intrastate and/or interstate commerce, is causing Knights African-American owned small business irreparable harm and any further delay would only add to this Article III economic *injury-in-fact*.

**4.** Surely, Defendants had or should have had the historical materials and analyses the Defendants relied upon when it began its response to *Bruen*. After all, the Supreme Court was clear that in order for any gun control to pass constitutional muster under the 2nd Amendment, it must be consistent with historical tradition. Defendant's had seven months since *Bruen* to identify well-established and representative historical analogues, see *Bruen*, 142 S. Ct. at 2133 ("analogical reasoning requires only that the government identifies a well-established and representative historical analogue, not a historical twin. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster.")

**5.** That Defendants will likely dedicate a significant portion of their reply discussing the benefits of 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b) and not evidence of historical analogues will be quite telling.

**6.** And although Defendants will represent that they will offer ample evidence that 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b) are constitutional, they will not adequately explain why if such evidence was critical to the constitutionality of these rules and/or codes that would pass constitutional muster post-*Bruen* and available to the Defendants as set forth in NYS PL § 400.00 they will not introduce such evidence here.

**7.** Certainly, Defendants anticipated challenges to Title 38 - R.C.N.Y. and/or NYC Administrative Code and should have been better prepared to defend the constitutionality of these rules and/or codes. Knight implores this Court to consider the only reasonable conclusion from the Defendants' posturing: their dragging of feet is evidence that no such historical tradition and evidence exists. Perhaps at this juncture, there is no bona fide basis for this Court to withhold its ruling because the Defendants say they need more time to come forward with historical evidence that the Defendants will claim they had at the time of the creation of 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b). This Court should therefore consider proceeding with the evidence and arguments the parties will present within the allocated time frame of Rule 15.

**8.** Defendants will remonstrate against the restraints, urging that the "risk of dangerous and fatal situations looms large if the mandatory requirement to possess a brick & mortar store is enjoined." It is a prod that seeks to embroil this Court in assessing the benefits of the challenged gun control regulations, something this Court is expressly prohibited from doing under Supreme Court jurisprudence.

**9.** See, *Bruen* 142 S. Ct. at 2129 (explaining that "[a] constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all") (citations and quotations omitted). Again, Defendants must be able to rebut the presumption that the challenged conduct is constitutionally protected by demonstrat[ing] that the regulations are consistent with this Nation's historical tradition of firearm regulations, *Bruen*, 142 S. Ct. at 2126. To reiterate, Defendants may not simply posit that the regulations promote an important interest. Rather, the [Defendants] must demonstrate that the regulations are consistent with this Nation's historical tradition of firearm regulations. This Court should address whether Knight is likely to experience irreparable injury if 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b) are not enjoined.

**10.** Finding the constitutional deprivations alleged to be irreparable by their very nature, this Court should conclude that Knight has met his burden. In addition to the likelihood of success on the merits, the movant must establish that it is more likely than not that it will suffer irreparable harm absent the relief requested. *Reilly v. City of Harrisburg*, 858 F.3d 179 (3d Cir. 2017). A deprivation of a constitutional right can demonstrate irreparable injury justifying injunctive relief, and "most courts hold that no further showing of irreparable injury is necessary." Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed.) (collecting cases).

**11.** In the 1st Amendment context, a deprivation "unquestionably constitutes irreparable injury," even if the deprivation is for "minimal periods of time." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). This Court should find that the same is true in the 2nd Amendment context because the 2nd Amendment protects the right to *keep and bear arms* in public for self-defense, restrictions that are so extensive and burdensome as to render that right illusory must constitute irreparable injury. See *Rhode v. Becerra*, 445 F. Supp. 3d 902, 953 (S.D. Cal. 2020) (finding that burdensome restriction on the purchase of ammunition constituted irreparable injury), vacated and remanded on other grounds sub nom. *Rhode v. Bonta*, 2022 WL 17099119 (9th Cir. Nov. 17, 2022); *Grace v. District of Columbia*, 187 F. Supp. 3d 124, 150 (D.D.C. 2016) (concluding that District of Columbia's "good reason" requirement to obtain a license to carry concealed firearms constituted irreparable injury). **ECF # 62-27: No. 02**

**12.** Knight has demonstrated a probability of success on the merits of his Commerce Clause and/or 2nd Amendment challenge to 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b) which requires possession of a brick & mortar store to sell handguns and/or ammunition in intrastate and/or interstate commerce and prohibits licensees from purchasing more than one handgun every ninety days. However, Defendants may regulate conduct squarely protected by the 2nd Amendment only if supported by a historical tradition of firearm regulation during the ratification of the 2nd Amendment in 1791.

**13.** Here, Knight has shown that Defendants will not be able to demonstrate a history of firearm regulation to support 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and/or NYC Admin., Code § 10-302 (c)(1) and 10-302.1 (b). The deprivation of Knight's customer's 3rd party 2nd Amendment rights, as the holders of valid state Carry Licenses to *keep and bear arms* in public for self-defense, constitutes irreparable injury, and neither the Defendants nor the public has an interest in enforcing unconstitutional laws.

**14.** So Knight must respectfully decline to consent to this egregious and frivolous request to delay this matter in an attempt to frustrate this Court's review. Thank you for your kind consideration in this urgent matter.

Dated: February 02, 2023
New York, New York

Respectfully submitted,

**/s/ Cavalier D. Knight**

Cavalier D. Knight
Managing Member
Cavalier Knight LLC
511 W 165th St # 627
New York, NY 10032-0634
+1 (646) 580-7801
info@cavalierknight.com



Cavalier Knight <cavalier.knight@cavalierknight.com>

## Knight v City

**Rizzuti, Thomas (Law)** <trizzuti@[redacted] Tue, Jan 31, 2023 at 2:45 PM
To: Cavalier Knight <info@cavalierknight.com>

Good afternoon, Mr. Knight:

The City's response to your second amended complaint is currently set for February 15, 2023. Would you consent to a 60 day extension to file our papers? I am about to leave this office, and the case is going to be assigned to a new attorney.

Please advise.

Thomas Rizzuti

**Thomas J. Rizzuti, Esq.**

Senior Counsel

Administrative Law Division

**New York City Law Department**

100 Church Street

New York, NY 10007

Tel.: (212) 356-2325

Fax: (212) 356-2059



Cavalier Knight <cavalier.knight@cavalierknight.com>

# Knight v City

**Cavalier Knight** <info@cavalierknight.com> Tue, Jan 31, 2023 at 6:20 PM
To: "Rizzuti, Thomas (Law)" <trizzuti@[redacted]

Although this SAC supersedes the FAC the state Carry License issue was removed and no new issues were added. The remaining issues discussed within the SAC were thoroughly reviewed by the Defendants within the FAC submitted on May 20, 2022, which was eight months ago and any prior research in this matter is currently available to the Defendants.

Defendants are also aware that their prohibition on the issuance of a state Firearms Dealer's License to Knight to conduct lawful business in intrastate and/or interstate commerce, is causing Knights African-American owned small business irreparable harm and any further delay would only add to this Article III economic injury-in-fact. So I must respectfully decline to consent. Thank you.




Cavalier Knight
FFL 01 | Class III -SOT
Ballistic Threat Management
Bus: (646) 580-7801
www.cavalierknight.com

SBA HUBZone Certified

[Quoted text hidden]