UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAVALIER D. KNIGHT<br>　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>NEW YORK CITY, *et al.*<br>　　　　　　　　　　　Defendants. | 1:22-cv-03215 (VEC) (VF)<br><br>**LETTER MOTION NO. 05 - (SAC)**<br><br>**LEAVE TO FILE DOCUMENT** |

Honorable VALERIE FIGUEREDO, United States Magistrate Judge:

　　1.　　On October 24, 2023, the Hon. John P. Cronan, issued a decision in *Srour v. New York City, New York*, et al. (1:22-cv-00003) which stated in part.

　　　　a)　　This case is not about the ability of a state or municipality to impose appropriate and constitutionally valid regulations governing the issuance of firearm licenses and permits. The constitutional infirmities identified herein lie not in the City's decision to impose requirements for the possession of handguns, rifles, and shotguns. Rather, the provisions fail to pass constitutional muster because of the magnitude of discretion afforded to City officials in denying an individual their constitutional right to keep and bear firearms, and because of Defendants' failure to show that such unabridged discretion has any grounding in our Nation's historical tradition of firearm regulation.

　　2.　　Although the *Srour* case and *Knights* case are not directly related. The intended outcome for a declaration of the unconstitutionality of provisions within Title 38 - R.C.N.Y. and NYC Administrative Code and seeking a permanent injunction preventing Defendants from enforcing them is the same.

　　3.　　Whereas Title 38 - R.C.N.Y. § 4-03 (k), (t)(1)(3)(4)(5) and NYC Administrative Code § 10-302 (c)(1) and 10-302.1 (b) fail to pass constitutional muster and Defendants have failed to show that such unabridged discretion has any grounding in our Nation's historical tradition of firearm regulation within this case.

4.  If provisions of Title 38 - R.C.N.Y. and NYC Administrative Code are as-applied and/or facially unconstitutional within a similar case challenging the constitutionality of those provisions and *"Defendants' failure to show that such unabridged discretion has any grounding in our Nation's historical tradition of firearm regulation"* within both cases, then a fortiori provisions of Title 38 - R.C.N.Y. and NYC Administrative Code are unconstitutional within Knight's case.

5.  Whereas a federal circuit decision is binding on all federal district courts within its circuit. *Srour's* case sought a similar outcome as Knight's case therefore the decision in *Srour* may also be persuasive in deciding Knight's case as well.

Dated:  October 25, 2023
        New York, New York

Respectfully submitted,

/s/ Cavalier D. Knight
Cavalier D. Knight
Managing Member
Cavalier Knight LLC
511 W 165th St # 627
New York, NY 10032-0634
+1 (646) 580-7801
info@cavalierknight.com

SO ORDERED

*[Signature]*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: October 26, 2023

The Court is aware of the *Srour* decision and will take it into account in ruling on the City's motion to dismiss. It is not necessary for Plaintiff to file a copy on the docket. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 88.