Case 1:22-cv-03215-VEC-VF   Document 95   Filed 03/13/24   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
CAVALIER D. KNIGHT,                                                  :
                                                                     :
                                   Plaintiff,                        :
                                                                     :   22-CV-3215 (VEC)
             -against-                                               :
                                                                     :   ORDER ADOPTING
                                                                     :   REPORT AND
CITY OF NEW YORK; EDWARD CABAN,                                      :   RECOMMENDATION
                                                                     :
                                   Defendants.                       :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 19, 2022, Cavalier D. Knight, proceeding pro se, sued the City of New York and the Commissioner of the New York City Police Department ("NYPD");[1] Compl., Dkt. 1;

WHEREAS on January 25, 2023, Knight filed the operative complaint, Dkt. 62, which challenges two aspects of the City's firearms licensing scheme: first, the requirement than an applicant for a firearms-dealer license maintain a place of business in New York City, 38 RCNY §§ 4-03(b), (t); NYC Admin. Code § 10-302(c)(1) (the "Place of Business Requirement"), and second, the prohibition on a firearm dealer from selling a handgun to a purchaser less than 90 days after the person has acquired another handgun, NYC Admin. Code § 10-302.1(b) (the "Waiting Period Requirement");

WHEREAS Knight alleged that the Place of Business and Waiting Period Requirements violate 42 U.S.C. § 1983, 42 U.S.C. § 1981, 18 U.S.C. § 242, the Second Amendment, New York Civil Rights Law § 4, the Due Process and Equal Protection Clauses of the Fourteenth

---

[1] On July 17, 2023, Edward Caban replaced Keechant Sewell as New York City Police Commissioner. Because Sewell had been named in her official capacity, Caban was substituted for Sewell as a party defendant. *See* Fed. R. Civ. P. 25(d).

1

Amendment, and the Privileges and Immunities Clause and that they are preempted by New York Penal Law § 400.00, Dkt. 62;

WHEREAS on May 6, 2022, the Court referred this matter to Magistrate Judge Figueredo for general pretrial and the preparation of a report and recommendation ("R&R") on any dispositive motions, *see* Order, Dkt. 10;

WHEREAS on March 20, 2023, Defendants moved to dismiss the operative complaint for lack of standing and failure to state a claim, *see* Mot., Dkts. 73–74;

WHEREAS on January 17, 2024, Judge Figueredo filed an R&R recommending that the Court grant the motion in full and dismiss Knight's claims, *see* R&R, Dkt. 90;

WHEREAS Part I of the R&R recommended that the Court grant the motion to dismiss because Plaintiff lacks standing to challenge either the Place of Business Requirement or the Waiting Period Requirement, *id.* at 4–10;

WHEREAS the R&R explains that Mr. Knight lacks standing to challenge the Waiting Period Requirement because, as he is not a firearms dealer in New York, any purported economic injuries caused by the waiting period are entirely speculative, and he has no customers on whose behalf he could invoke third-party standing, *id.* at 6-7;

WHEREAS the R&R further explains that Mr. Knight lacks standing to challenge the Place of Business Requirement because, even assuming he has adequately alleged an injury in fact caused by the Requirement, a ruling striking it down would not redress his injury because separate zoning regulations would still bar his desired conduct, *see id.* at 8-9;

WHEREAS Judge Figueredo notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days from the filing of the R&R to object, *id.* at 24:

WHEREAS after seeking and receiving an extension of time to object, *see* Dkts. 91, 92, Mr. Knight objected to the R&R in a lengthy filing that dedicated very few pages to the specifics of Magistrate Judge Figueredo's R&R (the "Objection"), Dkt. 93;

WHEREAS Defendants responded to Plaintiff's Objection and asked the Court to adopt the R&R in full, *see* City Mem., Dkt. 94;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS Plaintiff, citing Defendants' withdrawal of their previous motion to dismiss based on lack of standing because Plaintiff never applied for a license, Def. Letter, Dkt. 49, argues that, even though he has never applied for gun-dealer license, he has standing to challenge the Place of Business Requirement because it would have been futile to apply, Objection at 3–5;

WHEREAS the Objection misconstrues Defendants' letter that withdrew the argument that Plaintiff lacks standing based on his failure to apply for a license, *see* Def. Letter, Dkt. 49;

the letter in no way affected Defendants' broader argument that Plaintiff lacks standing based on a lack of redressability;

WHEREAS the Objection also misconstrues the basis for Judge Figueredo's recommendation that the Complaint be dismissed because Plaintiff lacks standing. That recommendation was not based on the fact that Mr. Knight has never applied for a license. It was, instead, based on the fact that, even assuming he had adequately alleged an injury from an unconstitutional requirement, a favorable ruling from this Court would not redress that injury because separate zoning laws, that have not been challenged, would also prohibit Mr. Knight from operating a firearms business out of his home, *see* Dkt. 90 at 9; *see also Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 95–96 (2d Cir. 2017) (redressability is a necessary element of standing);

WHEREAS the balance of Mr. Knight's objection is unrelated to Judge Figueredo's conclusions, *see, e.g.*, Dkt. 93 at 1 (quoting large portions of the Supreme Court's opinion in *NY State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022), without explaining how the R&R misapplies that precedent), or is conclusory and duplicative of past arguments, *see id.* at 27 ("The R&R is an improper exercise of judicial discretion and judicial overreach that reflects this court's misunderstanding about the nature of Knight's irreparable harm, the structure of these kinds of constitutional claims, and the proper decision method for evaluating alleged infringements of 2nd Amendment rights utilizing the *Bruen* methodology.");

WHEREAS because Mr. Knight's objections either misconstrue the R&R's conclusions or are perfunctory, conclusory, and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when it leaves the reviewing court with a "definite and firm conviction that a mistake has been committed," *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R's conclusions regarding Mr. Knight's lack of standing reveals that there is no clear error.[2]

IT IS HEREBY ORDERED that the Court adopts Part I of the R&R at docket entry 90 that discusses Mr. Knight's lack of standing; Defendants' motion to dismiss is GRANTED, and Plaintiff's claims are dismissed for lack of standing.[3]

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 73 and to close the case.

**SO ORDERED.**

Date:  March 13, 2024
       New York, NY

_____
**VALERIE CAPRONI
United States District Judge**

---

[2] Even if a de novo review were required, the Court would adopt Part I of the R&R because Mr. Knight lacks standing to challenge either the Place of Business Requirement or the Waiting Period Requirement.

Plaintiff lacks standing to challenge the Place of Business Requirement because an order striking down the provision would not redress his alleged injury; putting aside the Place of Business Requirement, other zoning laws prevent Plaintiff from operating a firearms business out of his home. *See Allco Fin.*, 861 F.3d at 95–96 (redressability is a necessary element of standing).

Plaintiff lacks standing to challenge the Waiting Period Requirement because any alleged harm to him as an aspiring New York firearms dealer caused by the Requirement is entirely speculative. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (a theory of future injury is "too speculative to satisfy" standing requirements). Further, he has alleged no close relationship with putative gun purchasers to allow him to invoke third-party standing on their behalf. *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (hypothetical client relationship is insufficient to satisfy the close-relationship requirement of third-party standing).

[3] The balance of the R&R discusses whether Plaintiff has adequately stated a claim. Because the Plaintiff lacks standing, it is unnecessary for the Court to weigh in on whether, if he had standing, he stated a claim.